The Galena and Chicago Union Railroad Company *v.* Yarwood.

---

The Galena and Chicago Union Railroad Company, Appellant, *v.* Lewis H. Yarwood, Appellee.

APPEAL FROM KANE.

A passenger in a railroad car need only show that he has received an injury, to make a *prima facie* case against the carrier; the carrier must rebut the presumption, in order to exonerate himself.

Negligence is a question of fact, which the jury should pass upon.

Persons in positions of great peril are not required to exercise all the presence of mind and care of a prudent, careful man; the law makes allowances for them and leaves the circumstances of their conduct to the jury.

This was an action of trespass on the case by Yarwood against the appellant, for personal injuries.

The first count of the declaration avers that Yarwood was a passenger on the cars of the appellant from Elgin to Clinton, in the county of Kane, on the 2nd of August, 1852; that "just before reaching the said station or stopping place at said Clinton, by the action of the wheels of the said engine and cars, the said iron and wooden rails were torn up for a great distance, to wit, for the distance of twenty feet, in consequence of the said rails being constructed of poor material, and so .insufficiently and insecurely fastened as aforesaid, the *said car on which the said plaintiff was then and there a passenger, as aforesaid, was thrown violently off of the said road,* by reason of which the life of the said plaintiff was put in great peril and danger, insomuch so that the said plaintiff was obliged, and did jump from the said car to the ground, (the said car being then and there so off the said track, and still running at a rapid rate over the ties of said road, and apparently about to run off a very steep bank then and there being), in doing which the said plaintiff's left leg was broken near the ankle, his ankle badly and severely strained and bruised, and his body otherwise severely bruised and injured, all of which

was caused by the unskillfulness and carelessless of the said defendant and its servants, and by reason of the said injuries so received as aforesaid, the said plaintiff was," &c., concluding with the damage.

The second count is substantially like the first, only averring that the cars were run at double their usual rate of speed, and at a dangerous rate of speed, &c.; *and averring that the car which the plaintiff was a passenger in, was off the track, &c.,* like the first count.

The third count avers that "*the car in which said plaintiff was riding was thrown with great violence off the said track,* and the said plaintiff, without fault on his part, and by reason of said carelessness and improper conduct of said defendant, thereby came with great force and violence upon the earth, and his left leg was thereby broken near the ankle," &c., &c.

Fourth count substantially like the third.

Plea, general issue.

The case was tried the 23rd of May, 1855, by a jury, I. G. Wilson, Judge, presiding. Verdict for the plaintiff of $2,500. Motion for new trial overruled and judgment upon the verdict; and exceptions and appeal.

The proof showed that appellee and two others took a seat in the baggage car attached to the passenger train of cars of appellant, to ride from Elgin to Clinton, about four miles; that during the trip the cars ran off the track, and the appellee, under the excitement of the occasion, was injured by leaping from the car. The appellant showed the track to have been in good order, and that appellee and companions had been scuffling together, and running from the baggage to the other cars just preceding or at the moment of the accident. The baggage car remained upon the track, and those in it remained uninjured. None of those who remained in the cars were injured.

The following were the instructions asked, given, or refused or modified. Those asked by the plaintiff in the court below, are as follows:

1. That if the jury believe, from the evidence, that the plaintiff was a passenger on board of the cars of the defendants, in the month of August, 1852, at the county of Kane,— that the cars of the defendant were thrown off the track of the road by reason of the unskillfulness or negligence of the defendants or their agents, and that by means of such accident the plaintiff was injured in his person, they will find a verdict for the plaintiff, and assess his damages.

2. That if the plaintiff was injured by means of an accident occurring on the railroad of the defendants, while he was a passenger on their cars, that then the burden of proving that

such accident was not the result of the negligence or unskillfulness of the defendants, or their agents, is cast upon the said defendants.

3. That in order to authorize the jury to find a verdict for the plaintiff, it is not necessary for the jury to be satisfied that the defendants were guilty of *gross* or even *ordinary neglect* in the reparation of their road, or management of their train ; but if the jury believe, from the evidence, that SLIGHT NEGLECT of the defendants or their agents, was the cause of the accident and injury of the plaintiff, they will find a verdict for the plaintiff and assess his damages, provided the jury believe, from the evidence, that the plaintiff was a passenger on board the cars of the defendants, at the time of such accident and injury.

4. The carriers of passengers by railroad are bound to use all precautions, as far as human foresight will go, for the safety of their passengers ; and are answerable to injured passengers for SLIGHT NEGLECT of themselves and agents, in the reparation of the track, and conduct and management of their trains, whereby injury ensues.

5. The omission of any precaution which would produce, or increase the safety of, or reduce the probability of danger to the passenger, constitutes such a neglect in carriers of passengers, as will make them answerable in damages to a passenger injured by means of such neglect.

6. That railroad companies are answerable for injuries to a passenger resulting from a defect in their track, which might have been discovered *by a most thorough and careful examination ;* and if the jury believe, from the evidence, that the injury complained of in this case, was occasioned by the neglect of the company, or its agents, to examine the track prior to the passage of the train on which the accident occurred, they will find a verdict for the plaintiff, and assess his damages.

8. That if the jury believe, from the evidence, that the accident and injury occurred by reason of the too rapid speed of the train, by reason of the neglect to apply the brake in time, or because of any other neglect or unskillfulness in the management of the train, they will find a verdict for the plaintiff, and assess his damages.

9. That if the jury believe, from the evidence, that the accident and injury complained of happened by reason of the neglect of the engineer in charge of the locomotive attached to the defendants' train, or to blow his whistle in time, or by reason of the neglect of the conductor to warn the engineer in time, or by reason of the neglect of the brakeman to apply the brakes in season, they will find a verdict for the plaintiff, and assess his damages.

10. That if the jury believe, from the evidence, that the accident and injury happened by reason of the bad order of the track, and want of due care and attention of the company, or any of its agents, in the reparation of the track, or in the management and conduct of the train on which the plaintiff was, they will find a verdict for the plaintiff, and assess his damages.

11. That the mere fact that the plaintiff jumped from the cars, while they were in motion, to the ground, and thus sustained the injury complained of, will not alone deprive him of his right to a recovery against the defendants, if the jury believe, from the evidence, that an accident had occurred; that the cars were off the track, and running at the rate of from three to five miles an hour; and the plaintiff had reasonable ground to believe, and did believe, that his life or limbs were in danger, and that it was necessary to leap from the cars in order to avoid the danger which threatened him, provided that the injury was not occasioned by the plaintiff's own neglect, nor that his negligence contributed to produce the injury complained of.

11½. That although the jury may believe that the plaintiff would not have received injury had he not leaped from the cars, and that, as the event proved, his jumping was an unwise act, that does not necessarily prevent the plaintiff from recovering in this case. The question is not so much whether there was *in point of fact* any danger, as whether the plaintiff reasonably apprehended danger, and so leaped from the cars; and in judging of his state of mind, the jury should take into consideration whatever circumstances of alarm and confusion existed at the time, the law not requiring the same coolness nor accuracy of judgment, in a person under a state of excitement and alarm, as under other circumstances.

12. That in determining the question whether the plaintiff had reasonable ground to believe himself in danger, the jury have the right to consider the experience and knowledge of the plaintiff in regard to perils of this character, the commotion and consternation among the passengers, and the fact, if it be so, that one of the brakemen abandoned his post and leaped from the cars.

13. That the *mere fact* that the plaintiff was, a few minutes previous to the occurrence of the accident and injury, *scuffling and playing in a sportive manner* with others on the cars, will not deprive the plaintiff of his right to recover from the defendants, if the jury believe, from the evidence, that the defendants or their agents were guilty of any neglect, HOWEVER SLIGHT, whereby the accident and injury occurred; provided the injury

was not occasioned by the plaintiff's own neglect, nor that his negligence contributed to produce the injury complained of.

14. That in estimating the damages which the plaintiff may have sustained by reason of the injury complained of, the jury, if they find for the plaintiff, are not confined to such damages as may have resulted to the plaintiff by loss of time, and expense of medical attendance, but may give such additional damages for the loss of natural use of the plaintiff's limb, which the jury, exercising a sound discretion, and in view of all circumstances, may see proper to award, not exceeding the amount claimed in the declaration.

15. That unless the jury believe, from the evidence, that the passenger cars were full, and that it wás a part of the contract that the plaintiff should occupy, during the trip, the baggage car, the mere fact that the plaintiff left that car and went into the first class passenger car, is not of itself such negligence in the plaintiff as to defeat a recovery in this case.

16. That passengers upon railroads are not to be bound or affected by rules established by such roads in relation to the conduct of passengers, unless the proof shows that the passenger had a knowledge of such rules and regulations.

Which instructions were given by the court, to the giving of which instructions on the part of the said plaintiff, the defendant, by counsel, at the time excepted.

Defendant then asked the court to instruct the jury as follows:

1, *A.* That if the jury believe, from the evidence, that the injury to the plaintiff in this suit, happened to him by mere accident, without fault on the part of the defendant, then the plaintiff cannot recover in this action.

5, *B.* If the jury believe, from the evidence, that the plaintiff, while on his passage from Elgin to Clinton, was guilty of carelessness, and unnecessarily exposed himself to danger by wrestling and scuffling on the cars, or by imprudently passing from one car to another while the cars were in motion, and that said carelessness or imprudence contributed in any degree to produce the injury, then the plaintiff cannot recover.

6, *C.* If the jury believe, from the evidence, that the plaintiff, while on defendant's cars, imprudently and carelessly exposed himself to danger by wrestling, playing, running, or jumping, and that the injury to him was in any way produced by such carelessness or imprudence, or that such carelessness and imprudence in any way contributed to produce the injury, then the plaintiff cannot recover, even though the jury may believe that the defendant has also been guilty of negligence.

7, *D.* If the jury shall believe, from the evidence, that the

33

plaintiff was guilty of negligence while a passenger upon the defendant's cars, and that his negligence concurred with the negligence of the defendant in producing the injury, then the plaintiff cannot recover.

10, *E.* If the jury shall believe, from the evidence, that the plaintiff leaped from the cars of the defendant under a rash and undue apprehension of danger, when in reality there was no danger, and that the injury to the plaintiff was the result of such leaping, then the plaintiff cannot recover.

12, *F.* If the jury believe, from the evidence, that the plaintiff carelessly leaped from the cars of the defendant, and that such careless manner of leaping contributed to produce the injury to the plaintiff, then the jury should find for the defendant.

13, *G.* If the jury believe, from the evidence, that the plaintiff leaped from the car of the defendant while it was in motion, under a rash and undue apprehension of danger, when in reality there was no danger, and that the injury was caused by such leaping, they should find for the defendant, although the plaintiff might have really thought himself in danger, and leaped to the ground to save himself from harm; the question is, whether, under the circumstances, his jumping was an act of rashness.

16, *H.* If the jury believe, from the evidence, that the injury to the plaintiff was the result of the negligence or imprudence of both plaintiff and defendant, their verdict should be for the defendant.

Which was done by the court.

The defendant then also asked the court to instruct the jury as follows:

2, *I.* If the jury shall believe, from the evidence, that the defendant exercised due care, diligence and skill, in the preservation and repairs of the track, and in managing and operating the road at the time of the accident, and that the accident could not have been prevented by the use of said care, diligence and skill, then the plaintiff cannot recover in this action.

4, *J.* That every traveler in a public conveyance, must meet the risks incident to the mode of travel he adopts; and if the jury shall believe that the injury to the plaintiff was the result of an accident which could not be avoided by the exercise of due care and skill in the preparation and management of the' means of conveyance on the part of the defendant, then the plaintiff cannot recover.

8, *K.* That the plaintiff, before he can recover in this action, must not only show that the injury to him was the result of carelessness or negligence of the defendant, but also that he himself was without fault in producing said injury.

The Galena and Chicago Union Railroad Company *v.* Yarwood.

9, *L.*   That in this action the plaintiff cannot recover, unless the jury shall believe that he exercised proper care and circumspection while on his passage from Elgin to Clinton, and that the defendant was guilty of negligence, from which the injury was received, and the burden of proof is upon the plaintiff to show not only that the defendant was negligent, but he himself was not guilty of negligence.

15, *M.*   Unless the plaintiff has proved to the satisfaction of the jury that the defendant was guilty of negligence or misconduct, and also that plaintiff used proper care and prudence, and that his own misconduct, want of care, or negligence, did not contribute to produce the injury complained of, the jury should find for the defendant.

Qualifications to defendant's 8th, 9th, and 15th instructions: "But proof that the plaintiff was a passenger, of the accident, and the injury, make a *prima facie* case of negligence, and throw the burden of explaining upon the defendant."

18, *N.*   The jury are also instructed that it is their duty to regard and obey the law as given them by the court, (*and that the law as laid down by the Supreme Court in its decisions, is the highest judicial authority of the land,*) and the jury are not at liberty to disregard or override it.

Which the court refused to give as asked, but gave with the following qualifications, viz.: by adding to the first of said instructions these words—"But due care required the use of the utmost prudence and caution; a carrier of passengers being liable for slight negligence;" and by adding to the second of said instructions these words—"But due care required the use of the utmost prudence and caution."

And by adding to the next three of said instructions these words: "Qualification to defendant's 8th, 9th and 15th instructions—' But proof that the plaintiff was a passenger, of the accident, and the injury, make a *prima facie* case of negligence, and throw the burden of explaining upon the defendant.'"

And the last of said instructions by striking out the following words therefrom, viz.: "And that the law, as laid down by the Supreme Court in its decisions, is the highest judicial authority of the land."

To which decision of the court in refusing said instructions as asked, and each of them, and qualifying them and each of them as aforesaid, the defendant then and there excepted.

And the defendant then also asked the court to give the jury the following instructions:

14, *O.*   If the jury believe, from the evidence, that the plaintiff leaped from the car of defendant, under circumstances that would not have justified such an act on the part of a prudent,

careful man, and that the injury was the result of such jumping from the cars, then the plaintiff cannot recover, unless the jury believe that such injury was willfully caused by the defendant.

3, *P.* That the defendant, as a common carrier of passengers, is not an insurer of the personal safety of the passengers against all accidents, but is liable only for the want of such care and diligence as is characteristic of cautious persons. And if the defendant exercised such care and diligence in the transportation of the plaintiff, then the plaintiff cannot recover in this action.

*Q.* That if they believe, from the evidence, that Yarwood and his companions, when they took passage in the cars of defendant at Elgin, were told by the conductor that the passenger cars were full, but they could go in the baggage car, and that thereupon they got into the baggage car to ride to Clinton, then it was the duty of Yarwood to remain and ride in that car.

*R.* And if the jury further believe, from the evidence, that at the time of the accident and when the plaintiff jumped off the cars, the baggage car was not off the track, nor in any danger, but that the plaintiff, with his companions, had got into a play and scuffle, which brought on a racing through the other cars, and in one of which Yarwood was brought to that apprehension of imminent peril which induced him to leap from the cars, and thereby received the injury complained of, then the plaintiff cannot recover, and the jury should find for the defendant.

*S.* And the jury are further instructed, that if they believe, from the evidence, that Yarwood, the plaintiff, with his companions, at the time they took passage in defendant's cars at Elgin, to ride to Clinton, were told by Capt. Wiggins, the conductor, to go in the baggage car, as the passenger cars were full, and that plaintiff, in pursuance thereof, went into said baggage car, then it was his duty to continue therein to the said Clinton.

*T.* And if the jury further believe, from the evidence, that at the time of the accident, the plaintiff had left the baggage car, and gone into another car, and had thereby placed himself in a position of apprehension of imminent peril, which induced him to leap from the cars and thereby received the injury complained of, and that the baggage car was not off the track at all, or in any danger, then such conduct of the plaintiff was culpable negligence, and the jury should find for the defendant.

*U.* If the jury believe, from the evidence, that the standing upon the platform of cars, or the going about from car to car by a passenger whilst the cars are running, are acts of imprudence and negligence, and if they further believe that at the time the cars ran off the track, the plaintiff was so standing or going about, and that such conduct of the plaintiff increased his appre-

The Galena and Chicago Union Railroad Company v. Yarwood.

hension of peril, and he was thereby induced to leap from the cars when in motion, and, in consequence of such leap, received the injury, when, had he remained in the cars, he would not have been injured, he is not entitled to recover in this action.

V. If the jury believe, from the evidence, that the plaintiff leaped from the cars of the defendant under circumstances that would not have justified such an act on the part of an ordinarily prudent, careful man, and that the injury was the result of such leaping, then the plaintiff cannot recover.

Qualifications asked by defendant to plaintiff's instruction number 9.

W. But unless the plaintiff has proved, to the satisfaction of the jury, that his own carelessness or negligence did not contribute or assist to produce the injury complained of, then the jury should find for the defendant, and the burden of such proof is upon the plaintiff.

X. If the jury believe, from the evidence, that at the time the plaintiff took passage on the defendant's cars at Elgin, he was directed by the conductor to take his place in the baggage car, because there was not room for him in the passenger cars, and that the plaintiff did go on board of the baggage car at the time of starting, and that whilst on the way from Elgin to Clinton he left said car without any reasonable cause, and that the injury to the plaintiff happened in consequence of his so leaving the car, then he is not entitled to recover in this action.

Which the court refused, and marked the same "refused;" to which decision of the court in refusing to give said last mentioned instructions, the defendant then and there excepted. And the defendant then also asked the court to give the following instructions:

Y. If the jury believe, from the evidence, that the plaintiff, with his companions, at the time they took passage in defendant's cars at Elgin, to ride to Clinton, were told by the conductor of the train that the passenger car was full, or nearly full, and that they could go in the baggage car, and that plaintiff in pursuance thereof went into said baggage car, then it was his duty to continue there, unless it was necessary to leave the same; and if the jury further believe, from the evidence, that at the time of the accident, the plaintiff had unnecessarily left the baggage car and gone into another car, and was walking about or standing upon the platform of the hind car, and had thereby placed himself in a position of peril, or apprehension of great peril, while the baggage car was not off the track, or in danger, then such conduct was culpable negligence.

Z. If the jury believe, from the evidence, that Yarwood was unnecessarily standing upon the platform of one of defendant's

cars at the time of the accident, then he was guilty of improper conduct and negligence in so doing.

*&.* That it is the duty of every passenger, on a railroad car, to take his place in the car in which he takes passage, and to remain therein, unless it is necessary to leave the same for a reasonable refreshment, or some other necessary purpose.

Which the court marked "given" "consent," and when the court read the last mentioned instructions to the jury, he remarked to the jury, and in their presence, that he gave these by the consent of plaintiff; to which remark of the court as aforesaid, the defendant then and there excepted.

The jury thereupon retired, and afterwards came into court, and rendered the following verdict:

"We the jurors find the defendant guilty, and assess the damages $2,500."

E. Peck and J. F. Farnsworth, for Appellant.

E. Leland and R. S. Blackwell, for Appellee.

Scates, C. J. The preponderance of evidence is not such, on this trial as it was on the former, as to demand the interposition of the court.

The instructions demand the only notice that we are called upon to give this case, and these, being numerous, we shall confine ourselves to such as appear questionable, or have been particularly challenged.

The ninth and fifteenth instructions in the defendant's series, given by the court, are as follows:

"9. That if the jury believe, from the evidence, that the accident and injury complained of happened by reason of the neglect of the engineer in charge of the locomotive attached to the defendant's (plaintiff's) train; or to blow his whistle in time; or by reason of the neglect of the conductor to warn the engineer in time; or by reason of the neglect of the brakeman to apply the brakes in season, they will find a verdict for the plaintiff and assess his damages."

"15. That, unless the jury believe, from the evidence, that the passenger cars were full, and that it was a part of the contract that the plaintiff should occupy, during the trip, the baggage car, the mere fact that the plaintiff left that car, and went into the first class passenger car, is not of itself such negligence in the plaintiff as to defeat a recovery in this case."

The plaintiff asked, and the court refused, the following qualification to the 9th instruction: "But unless the plaintiff has proved to the satisfaction of the jury that his own carelessness

or negligence did not contribute or assist to produce the injury complained of, then the jury should find for the defendant, and the burden of such proof is upon the plaintiff."

Upon mature reconsideration of the principles of law laid down in this case in 15 Ill. R. 468, we feel compelled by authority of adjudged cases, as well as justice, to approve and reassert them.

The principle contained in the qualification has been questioned and denied, in this case, but more especially its application to passengers. There is, doubtless, a sensible distinction between persons receiving an injury while sustaining this relation to the wrong doer, and those who do not. But that distinction will not wholly destroy its application to passengers, but will only modify the rule for applying it. This distinction was taken in the former decision of this case, 15 Ill. R. 471, when the court say : " Proof that the defendant was a passenger, the accident and the injury, make a *prima facie* case of negligence. This is done, and the burden of explaining is thrown upon the plaintiffs."

Where the plaintiff in the action does not sustain that relation to the defendant, he must, in addition to the accident and his own injury, affirmatively show his own freedom from carelessness or negligence in causing or contributing to produce it.

If the distinction be a sound one, the modification is improperly worded, and should not have been given. It should have been so worded as to throw that proof upon the defendant below.

The 15th instruction is erroneous. The facts, or acts of defendant, recited in it, are withdrawn from the consideration of the jury, and decided by the court, as a question of law, instead of fact. The court say those acts do not constitute negligence or carelessness in defendant. Negligence is a question of fact and not of law ; and the court had no right to determine it. Had the jury found these facts specially—that the passenger cars were not full ; that defendant, being directed by the conductor to the baggage car, went into that car without a special contract for passage on that car, and, after riding some distance on it, left it, and went into the first class car—without finding that these facts did or did not constitute negligence, under all the circumstances of the case, no court could pronounce any judgment of law upon it, for want of completeness. Negligence is the fact to be found. The acts of the party, and the circumstances under which they were done, are not the fact to be found, but are merely evidences of that main fact. The court has only assumed the province of the jury in assuming that such circumstances and acts as are enumerated in the instruction, are not sufficient proof of the party's negligence. Had the instruction further assumed that the jury find the conclusion that the court

is made to find, then might the court well have said, the right of action is not barred by those facts.

Intimately connected with the giving of this instruction, indeed, the counterpart of it, was in the refusal of plaintiff's instructions, " *W*." and " *X*." They are as follows: "If the jury believe, from the evidence, that the standing upon the platform of cars, or the going about from car to car, by a passenger, whilst the cars are running, are acts of imprudence ; and if they further believe that, at the time the cars ran off the track, the plaintiff was so standing or going about, and that such conduct of the plaintiff increased his apprehension of peril, and he was thereby induced to leap from the cars when in motion, and, in consequence of such leap, received the injury, when, had he remained in the cars, he would not have been injured, he is not entitled to recover in this action."

" *X*. If the jury believe, from the evidence, that, at the time the plaintiff took passage on the defendant's cars at Elgin, he was directed by the conductor to take his place in the baggage car, because there was not room for him in the passenger cars, and that the plaintiff did go on board of the baggage car at the time of starting, and that, whilst on the way from Elgin to Clinton, he left said car without any reasonable cause, and that the injury to the plaintiff happened in consequence of his so leaving the car, then he is not entitled to recover in this action."

We must ever keep in mind that there might be an *accident* to the train without an *injury* to defendant ; that there might be such *accident* and *injury* from his own negligence, without liability of plaintiff therefor.

In the ninth instruction given for defendant, the court assume that if the accident and injury were occasioned by the omission of plaintiff's servants to do certain specified acts, plaintiff's liability would be thereby fixed ; and yet the court refuse, in plaintiff's instruction " *X*," to lay down a similar principle for the discharge of their liability, if a particular act of defendant caused the *injury*. The two instructions are of precisely like principle. Both, or neither, should have been given. With each given, the case would have stood so before the jury. It is true, the omission to blow the whistle or warn the engineer, or apply the brakes in time, might have occasioned the accident, and that might have resulted in the injury ; but had the defendant remained in the baggage car, he might have been safe, notwithstanding the accident, and so the one instruction might charge the other, and might discharge the plaintiff.

So again of the defendant's 15th instruction, and the plaintiff's instruction " *W*." In the former, the court tells the jury that the fact of defendant's leaving the baggage car and going

into the first class passenger car, was not negligence in him under all the circumstances ; and yet the court refuse to add, in instruction " *W*," that if they believe that standing upon the platform of cars, or going about from car to car whilst the cars are running, are acts of imprudence, and that defendant was so standing and going about when the cars ran off the track, and that such conduct increased his apprehension of peril, and induced him to leap from the cars while in motion, from which leap he received the injury, and that had he remained in the cars he would not have been injured, they should find for plaintiff. If the court was authorized to draw conclusions of fact from the evidence in the former, so may it in the latter exclude the facts themselves as authorizing the jury to draw no conclusion from them.

The defendant has, by asking the court so to direct the jury, shown that the jury might so regard and find the facts as establishing negligence, but for that direction.

These facts were properly before the jury, and were proper for their consideration as tending to prove negligence in going unnecessarily into a position, from the apparent dangers of which he was induced to leap off the train, and the court should have neither found for the jury any conclusion of fact of its own, nor withdrawn the facts from the consideration of the jury. Such we consider to be the effect of refusing these instructions.

The qualifications made to the 2nd, 4th, 8th, 9th and 15th instructions asked by the plaintiff, were correct. The degree of care required, and liability imposed, appear to be considerately and correctly stated ; and the facts that will establish a *prima facie* case of negligence are such as this court sanctioned on the former hearing of the cause in 15 Ill.

In the remarks of the court that instructions " *Y*," " *Z*," and " *&*," were given by consent of defendant, we can perceive no injury necessarily arising to plaintiff, as no motive, design or effect of the remark is apparent on the record.

The instructions " 14, *O*," " 3, *P*," " *Q*," " *R*," " *S*," " *T*," and " *V*," were properly refused.

Persons under imminency of peril may not be required to exercise all the presence of mind and care " of a prudent, careful man," with impending danger. The law makes allowance, and leaves the circumstances to the jury to find if the party acted rashly and under an undue apprehension of the danger.

Instructions of the character of " 3, *P*," have already been condemned by this court as not defining correctly the rule of care and diligence of common carriers of passengers. Chief Justice Savage was not defining the rule, but arguing the principle, when he used the expression in *Camden and Amboy Rail-*

*road Co.* v. *Burke*, 13 Wend. R. 626 ; Angell on Carr., Sec. 523. And Mr. Angell, in Sec. 568, gives a more careful and accurate definition of the degree of liability of carriers.

The other instructions, like that of defendant's, commented on above, assume to decide upon the facts, and draw conclusions for the jury.

For the errors in the instructions noted, we reverse the judgment and remand the cause again for a *venire de novo.*

*Judgment reversed.*