## North Chicago St. R. R. Co. v. Caroline Boyd.

1. NEGLIGENCE—*Presumption as to—Collision of Cars.*—Without any proof of the cause, a jury may justly find that a collision, on the same track, of two cars or trains of a passenger carrier, is due to the negligence of the carrier.

2. EVIDENCE—*To be Taken as True Against the Party Offering it.*—Where a witness for the company testified that a collision was caused by too much oil on the drum of the brake, causing it to slip, *it was held* that the jury, without a knowledge of the mechanism enabling them to judge whether the reason given was a good one, were justified in accepting it, as true against the company.

**Memorandum.**—Action for personal injuries.   Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding.   Heard in this court at the October term, 1894, and affirmed. Opinion filed February 12, 1895.

EDMUND FURTHMANN & VAN VECHTEN VEEDER, attorneys for appellant.

ROSENTHAL, KURZ & HIRSCHL, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The track of the appellant goes under the Chicago river at La Salle street through a tunnel.   The appellee, having taken passage on a north bound car, which was stopped before it had arrived at the bottom of the tunnel by other cars on the track ahead of it, was scared by the approach of other cars behind, which were sliding down the grade at something more than ordinary speed at which cars run. She stood up, and when the front advancing car struck the one she was in, she says she was thrown down and badly hurt.   The witness for the appellant who set the brake on one of the cars which were sliding, says, " the reason the brakes did not work (*i. e.,* did not stop the cars) was on account of the drum of the brake having too much oil on it, which caused it to slip."

Without a knowledge of the mechanism enabling them to

judge whether the reason given by the witness was a good one, the jury were justified in accepting it, being proved by the appellant, as true against it; and being true, it was a cause for which the appellant was responsible. And without any proof of the cause the jury might justly find that a collision, on the same track, of two cars or trains of a passenger carrier, is due to negligence of the carrier. Lavis v. Wisconsin Central R. R., 54 Ill. App. 636, where many cases are cited.

An instruction given for the appellee as to burden of proof, substantially like the one approved by the Supreme Court in Galena & Chicago Union R. R. v. Yarwood, 17 Ill. 509, is very slightly criticised by the appellant, and the rest of its brief is devoted to a demonstration that "the evidence fails to show either negligence on the part of the defendant, or injury directly resulting to the plaintiff;" which were matters for the jury upon the evidence, and their verdict seems a very fair one.

When a woman gets but $2,500 from a railroad for injuries by a collision while a passenger, the railroad has good luck. The judgment is affirmed.