## Momence Stone Co. v. Louis A. Groves.

1. ORDINARY CARE—*Persons in Imminent Peril.*—Persons in imminent peril are not required by law to exercise all the presence of mind and care which a prudent and careful man would exercise under ordinary circumstances.

2. DAMAGES—*Where $10,000 Is Not Excessive.*—Where a young man of nineteen years of age, in good health and of excellent physique, who by way of obtaining an education had passed through two years of a high school course—of some ability, as he had advanced in the line of his employment and become a foreman for his employer—was injured in the line of his employment, suffered extreme pain and lost one of his legs, the court can not say that a verdict for $10,000 was the result of passion and prejudice on the part of the jury, and consequently will not disturb it.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Kankakee County; the Hon. JOHN SMALL, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed January 24, 1902.

F. J. CANTY, J. A. BLOOMINGSTON, W. R. HUNTER and A. A. DAVIDSON, attorneys for appellant.

H. K. & H. H. WHEELER, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit by appellee against appellant to recover damages for injuries received by him while he was at work as an employe of appellant at the latter's stone crushing plant near Momence, Illinois, on December 18, 1899. At the time mentioned G. E. Beale was manager of the plant for appellant, and appellee, then nineteen years of age, was day foreman under him. In carrying on the work, the stone taken from the quarry was placed in cars, and by them transferred along an iron track to the foot of an incline where the cars were attached to a cable and hauled up to a crusher. The cable was attached to the cars by means of a hook. The work of attaching the cable to the car was done by a man called a "hooker on," who, when he fastened the hook, gave a signal, and machinery was started which wound the cable around a drum and thus raised the car. At the time of the accident, Beale, the manager, called appellee to a position near the incline track to receive orders. While appellee was near the track, the hook by which the cable was attached to a car broke, permitting the car loaded with stone to rush down the incline. Appellee was notified of his danger, turned, saw the car coming and tried to escape by running down the track, but was overtaken by the car and injured to such an extent that one of his legs had to be subsequently amputated.

The declaration charged that the track upon which the cars ran was negligently constructed, causing greater strain on the hook than there would otherwise have been; that the hook was defective; that the defect was known to appellant and unknown to appellee; that it was the duty of Beale to inspect the hook, but that he was incompetent to perform his duties; that had Beale been competent he would have discovered the defect in said hook, and that appellant neglected its duty and failed to carefully inspect the hook. The general issue was pleaded. There was a verdict and judgment in favor of appellee for $10,000. The stone com-

pany seeks to reverse such judgment by an appeal to this court.

That appellee was injured by reason of the breaking of the hook is unquestioned. Appellant insists, however, that the break was caused by a latent defect in the hook, for which it can not be held responsible. The evidence upon this question was conflicting, some of it tending to show there was an old crack in the hook which could be easily discerned, while there was other evidence tending to show a flaw in the material inside the hook which could not be discovered from the outside. Upon the trial appellant refused to produce the hook, which was shown to have been in its possession since the accident.

There was evidence tending to show that appellee could have gone off of the track and thus avoided the danger after he saw the car coming, and other evidence tending to show that he could not have safely done so. He chose to run down the track in an attempt to save himself, and we can not say that he should be considered as guilty of contributory negligence in so doing when the suddenness of the danger and the condition of his surroundings are considered. Persons under imminent peril are not required by law to exercise all the presence of mind and care which a prudent and careful man would exercise under ordinary circumstances. G. & C. U. R. R. Co. v. Yarwood, 17 Ill. 509; Dunham Towing & Wrecking Co. v. Dandelin, 143 Ill. 409.

From all of which we conclude that the verdict was sustained by the evidence.

Upon the trial appellee was handed a written statement and asked if the signature subscribed thereto was his, which he answered in the affirmative. He was then asked by counsel for appellant whether or not the statement contained certain language. This was objected to by counsel for appellee upon the ground that the statement itself was the best evidence of what it contained, and the court sustained the objection. Appellant claims that the court erred in sustaining the objection to this question. We think the

court ruled properly, as the statement itself was in court, appellee had admitted that he signed it, and there was no reason for the introduction of oral evidence to prove the contents of the instrument.

Appellant's manager, Beale, was asked on the trial whether, in a conversation in a baggage car, when they were on their way to Chicago with appellee on the day of the accident, he did not refer to the hook with an oath and say: "Now we will put on a new hook; we have had one for some time, and now we will put it on, since we have pretty near killed a boy." Appellant's objection to the question was overruled by the court, and of this it also complains. Beale had stated that he had examined the hook about ten days before it broke, and that so far as he could see it was then all right, and also that he never knew the hook was defective until after the accident. The question was proper by way of impeachment as tending to show that Beale had knowledge of the defective condition of the hook prior to the time it broke. Numerous other alleged errors in regard to the admission and rejection of testimony were assigned and argued by appellant, but they were of minor importance, and we find no instance in which we think the court erred in that particular.

Appellant insists that the court erred in refusing to give certain instructions which it offered. Two of the instructions refused contained abstract propositions of law which were not applied to the case, others were covered by instructions which were given, and the remainder of those refused were objectionable. Complaint is also made that one of the instructions offered by appellant was neither marked "given" nor "refused." This instruction told the jury "that the fact that there was a talk of settlement in this case should not be considered" by them in arriving at a verdict. This instruction was not offered until after the argument had closed, and while it was not marked by the court, there is nothing in the record to show whether it was read to the jury or not. However, the instruction should have been refused because it assumes that there was talk

of a settlement, and there is nothing in the evidence upon which to base that assumption. Appellant, therefore, can not be heard to complain if the instruction was not read.

We think the most serious objection raised by appellant is that the verdict was excessive. The verdict would have been more satisfactory to us had it been for a smaller amount. It appears from the proofs, however, that appellee was at the time of the accident a young man nineteen years of age, in good health and of excellent physique; that by way of obtaining an education he had passed through two years of a high school course; that he was a young man of some ability, as he had advanced quite rapidly in the line of his employment, having at his early age become foreman for appellant; that he suffered extreme pain and lost his leg, thus compelling him to go through life in a maimed condition. Under such circumstances we can not say that the verdict was the result of passion and prejudice on the part of the jury, and consequently it will not be disturbed. The judgment of the court below will be affirmed.

We have not failed to note that appellant has neglected to assign as error the overruling of its motion for a new trial. Notwithstanding that fact, however, we have considered the case as fully as though the whole record was properly before us.

Affirmed.