THE ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

ANNIE O'CONNELL.

*Filed at Ottawa March 28, 1896.*

1. CARRIERS—*must furnish safe platform and steps to passenger coach.* A railroad company owes a passenger the duty of furnishing a suitable and safe platform and steps upon which to leave the car, and is responsible for any defect therein causing injury to the passenger which human care, vigilance and foresight, reasonably exercised, could have discovered and guarded against, consistent with the operation of the road.

2. SAME—*facts not justifying peremptory instruction for the defendant.* Where a woman was injured while alighting from a car, as the result of catching her dress upon a coupling-pin projecting three inches above the level of the car platform, it appearing not to have been necessary to carry the pin in that place or manner, a peremptory instruction for defendant is properly refused, although it was customary to carry a coupling-pin in that manner, and no like accident had before happened.

3. Same—*that like accident had never happened before is no defense.*
That a like accident had never been known or heard of before by
persons engaged in the management of railroads, will not relieve
a railroad company from liability for injuries to a passenger which,
by the exercise of the highest degree of care, could have been
foreseen and guarded against.

*Illinois Central Railroad Co.* v. *O'Connell*, 59 Ill. App. 463, affirmed.

APPEAL from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Superior
Court of Cook county; the Hon. THEODORE BRENTANO,
Judge, presiding.

SIDNEY F. ANDREWS, for appellant:

The court erred in refusing to give the peremptory
instruction asked by the defendant at the close of all the
evidence. *Railroad Co.* v. *Hazard*, 26 Ill. 373; *Railway Co.*
v. *Clark*, 108 id. 119; *Wells & French Co.* v. *Wiskowicz*, 50 Ill.
App. 452; *Dougan* v. *Transportation Co.* 56 N. Y. 1; *Crocheron*
v. *Ferry Co.* 56 id. 656; *Loeftus* v. *Ferry Co.* 84 id. 455; *Farley*
v. *Traction Co.* 132 Pa. St. 58; *Crofter* v. *Railway Co.* L. R. 1
C. P. 300; *Cornman* v. *Railway Co.* 4 H. & N. 781.

A carrier is not liable when a passenger accidentally
stumbles over the sheathing covering the wheels of an
open street car. *Farley* v. *Traction Co.* 132 Pa. St. 58.

It was held in the case of *Cornman* v. *Railway Co.* 4
H. & N. 781, that where part of a weighing machine used
for weighing baggage projected some six inches above
the floor of the station platform, but had been so used
for a long time without occasioning an accident, the com-
pany could not be held liable for negligence at the suit
of a passenger who had stumbled over it and hurt him-
self, there having been no reasonable ground for antici-
pating such an accident under the circumstances.

JAMES FENTRESS, (of counsel,) also for appellant.

JOHN F. WATERS, and HIRAM BLAISDELL, for appellee:

Defendant was guilty of negligence in carrying a coup-
ling-pin at the place and in the manner it did without its

being countersunk or otherwise protected. *Eldridge* v. *Railroad Co.* 151 Ill. 543, and 51 Ill. App. 430; Shearman & Redfield on Negligence, (3d ed.) par. 268.

There was no error in the court's refusing to give the peremptory instruction asked by the defendant. *Railroad Co.* v. *Ross,* 142 Ill. 9; *Pullman Car Co.* v. *Laack,* 143 id. 242; *Railway Co.* v. *O'Connor,* 115 id. 256; *Rice* v. *Railroad Co.* 22 Ill. App. 649; *Fire-Proofing Co.* v. *Poczekai,* 30 id. 266; *Ames* v. *Strachurski,* 145 Ill. 193; *Railroad Co.* v. *Wortham,* 37 Am. & Eng. Ry. Cas. 82.

The defendant was bound to do all that a prudent person could have done to have foreseen and prevented plaintiff's dress from catching on the pin. *Seymour* v. *Railroad Co.* 3 Bissell, 45; *Stokes* v. *Saltonstall,* 13 Pet. 181; *Pennsylvania Co.* v. *Roy,* 102 U. S. 456; *Railroad Co.* v. *Michie,* 83 Ill. 430; *Moore* v. *Railroad Co.* 27 Am. & Eng. Ry. Cas. 315; *Railroad Co.* v. *Higgs,* 34 id. 529; *Railroad Co.* v. *Pillsbury,* 31 id. 24.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee recovered a judgment in the Superior Court of Cook county, against appellant, for $5000, in an action on the case for a personal injury, and that judgment has been affirmed by the Appellate Court.

Appellee's declaration, as amended, is of two counts, the first alleging that on the 17th day of July, 1892, she was a passenger on one of defendant's suburban trains running to and from the city of Chicago; that upon arriving at her destination, South Chicago, in attempting to alight from the car upon which she was riding, because of the unsafe condition of the platform and steps of the car, which had bolts, nails and parts projecting from the same, her clothing caught thereon and she was thrown with great force and violence off the car and upon the ground, and thereby severely and dangerously wounded. The second count is like the first, except that the negligence charged against the defendant is, that it failed to

furnish a proper, suitable and safe platform at the said
South Chicago station, by reason whereof, in attempting
to get off the car, plaintiff was with great force thrown
to the ground and greatly injured.

There was no conflict in the evidence upon the trial
as to the fact that plaintiff was a passenger as alleged,
nor that in alighting from the car at South Chicago the
bottom of her dress-skirt caught upon the head of a
coupling-pin used on what is known as the Miller car
platform, causing her to fall from the steps and being
injured. Neither was there any controversy as to the fact
that upon the side of the car from which she and other
passengers were discharged at the station there was no
platform. There was a landing at the place, constructed
of cinders, but it was in no proper sense a platform.
Witnesses differed as to the distance from the lower step
of the car to this landing, and as to whether it was a
suitable and safe place upon which to land passengers.

Counsel for appellant, while conceding that all con-
troverted questions of fact have been finally settled
adversely to it, contend that there is no evidence what-
ever in the record tending to support the cause of action
alleged in the first count of the declaration, and, seeming
to ignore the second count, insist the trial court erred in
refusing an instruction asked by it directing the jury to
return a verdict of not guilty. It is insisted that there
is no evidence of the negligence charged in the first
count, because it wholly fails to prove that the company
could have reasonably foreseen the happening of the
accident from the condition in which it maintained the
platform and steps of its car.

The platform was the Miller patent, one of the appli-
ances of which is an extra coupling-pin, fastened with a
chain to the platform by an eye in the head of the pin.
When not in use this pin is dropped in a hole in a beam
which forms the outer end of the platform, the hole for
the pin being about seven inches from end of the beam and

opposite the steps. In this instance the pin extended above the surface of the beam more than three inches.

It is not denied that the relation of passenger and carrier between these parties continued to exist until the plaintiff had alighted from the car; therefore the defendant owed her the duty of furnishing a suitable and safe platform and steps upon which to leave the car, so far as it could reasonably do so by the exercise of the highest degree of care and diligence, and for any defect therein, causing her injury, which human care, vigilance and foresight, reasonably exercised, could have discovered and guarded against, consistent with the operation of its road, the law holds it responsible. It is true this rule does not require the carrier to foresee and provide against accidents never before known and not reasonably to be apprehended. Redfield on Negligence, sec. 496.

It cannot be insisted (and is not, as we understand the argument,) that the evidence does not tend, at least in some degree, to establish the fact that by reason of the coupling-pin upon which plaintiff's dress was caught, the platform and steps of the car proved to be unsafe to a lady passenger alighting from it; but the contention is, that by the exercise of such diligence and foresight as the law demanded of it the defendant could not have reasonably anticipated the casualty. We think the platform itself, as described by witnesses and shown by the photograph offered in evidence, fairly tended to prove that the defect was sufficiently open to observation to charge the company with notice that the platform was thereby rendered unsafe to passengers, especially to ladies descending the steps. There was the pin, plainly observable, extending more than three inches above the level of the platform, and it seems to us that any one whose attention was called to the fact would at once see that a lady's skirts would be liable to be caught upon it, as was in fact done here. It is true such an accident might not be reasonably expected to often occur, and

defendant may have been surprised, as doubtless it was, that it did happen; but that is no test of its liability. Many accidents happen to passengers from defects in the construction of cars and other means of transportation, or by breakage of some of the parts, which the carrier did not, in fact, expect, and which never had happened before; and still, if the evidence shows, or, as the question is here presented, tends to show, that by the exercise of the highest degree of care it could have been foreseen and guarded against, the consequences, so far as compensation can be made in damages, must fall upon the carrier. In many cases mere proof of the casualty is sufficient to throw the burthen on the carrier to show that he exercised due care. (See *North Chicago Street Railway Co. v. Cotton,* 140 Ill. 486, and cases there cited.) But, independently of that rule, we think there is affirmative proof in this record tending to prove a failure to exercise that degree of care and foresight which in such a case makes the carrier liable for negligence. This being so, whether a similar accident had previously occurred or been known or heard of by persons engaged in the management of railroads and the running of railroad trains is immaterial.

It seems to be insisted by counsel that because the Miller platform, carrying a pin as was done here, is recognized by railroad men as a suitable and safe one, and was in general use by this defendant and other railroad companies, therefore the defendant was not chargeable with notice of the defect causing the injury. These facts may, it is true, tend to prove that the platform and steps were suitable and safe, but certainly do not establish conclusively that they were so. Moreover, there is evidence tending to prove that carrying the pin, which caused the injury, in that manner was unnecessary. It no doubt served a useful purpose under certain circumstances, and, to make the platform of practical use in coupling other cars to it, was sometimes necessary; but that there was any necessity for carrying it in that par-

ticular place and allowing it to project above the platform, as was done, we think the evidence disproves.

We are of the opinion, for the reasons stated, that even if the first count had been the only one in the declaration, the peremptory instruction asked by defendant would have been properly refused. No attempt, as we have before indicated, seems to be made to show that such an instruction would have been justifiable under the evidence as applied to the second count.

Other questions were raised in the argument filed in the Appellate Court, re-filed here, challenging the rulings of the trial court in admitting and excluding evidence and in refusing and modifying instructions asked by the defendant. We find no substantial error in this regard. The case seems to have been fairly presented to the jury upon its merits.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*