## The Illinois Southern Ry. Co. v. Thomas A. Hubbard.

1. Instructions—*Care Required of Carriers of Passengers.*—An instruction that it is the duty of a railroad company engaged in the transportation of passengers to use the highest degree of care, vigilance and foresight for the safety of its passengers that is consistent with the proper and practical operation of its road, and that it is liable for any injuries that may result to passengers from the neglect of this duty, is proper. When a passenger pays his fare and goes on board a train, the carrier becomes an insurer of him as against any injury that may befall him by reason of any negligent act of the company.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. Martin W. Schaefer, Judge presiding. Heard in this court at the August term, 1902. Affirmed. Opinion filed March 2, 1903.

F. M. Trissal and R. J. Goddard, attorneys for appellant.

Dill & Wilderman and W. P. Launtz, attorneys for appellee.

Mr. Presiding Justice Bigelow delivered the opinion of the court.

Appellee brought an action on the case against appellant and the Southern Railway Company, to recover damages for injuries received by him in a collision of appellant's passenger train, with certain freight cars of the Southern

Railway Company, which, by the permission of appellant, were standing on appellant's passenger track in the city of Centralia.

On the 10th of June, 1901, appellee took passage on appellant's passenger train at Nashville, in this state, to go from thence to the city of Centralia, also in this state, where appellant had a passenger station at which its trains stopped for its passengers to alight. It is claimed by appellee, and the evidence strongly tends to support the claim, that when the passenger train reached the city limits of Centralia, and when it reached appellant's yards there, it was running at a high and dangerous rate of speed, in violation of an ordinance of the city regulating the speed that trains should be allowed to be run within the limits of the city. After entering the railroad yards, it ran into the freight cars of the Southern Railway Company, standing on the passenger track of appellant.

When the locomotive of the passenger train struck the freight cars, appellee was standing in the aisle of the passenger car in which he was riding, and where he had stepped a moment before the crash came, putting on his coat, preparing to leave the train when it stopped. By the collision, appellee was violently thrown upon the floor of the car, the back of his head striking the bare floor, and was also injured in one of his hips and in one of his elbows.

The case was tried by a jury, which rendered a verdict in favor of appellee against appellant for $1,750, and finding the Southern Railway not guilty. A motion for a new trial was made by the Illinois Southern Railway Company, which was overruled by the court, and appellant excepted to the ruling. Judgment was duly entered on the verdict, and the Illinois Southern Railway Company appealed to this court, and while the record comes here in fine shape, the abstract of it is very defective. The record itself contains 345 compact, typewritten pages, while the pretended abstract contains but eighteen short pages, and is at best but an index of the record.

Of the eight instructions given for the plaintiff, and the

seven given for the defendant, not one is abstracted, nor is the motion for a new trial, or the assignment of errors abstracted.

Rule 23 of this court seems to have been entirely ignored, and we might well stop here and affirm the judgment for the lack of a compliance with the rule; but inasmuch as it may be possible that the counsel who prepared the pretended abstract were not familiar with the business, and did not advise an appeal merely for delay, we have gone through the record and found out what it contains.

Five errors are assigned on the record which we will dispose of in their order.

The first error is, the improper admission of evidence on behalf of plaintiff. As no reference to this error is made in appellant's brief and argument, we must regard the error as waived, especially so, since we have discovered no such evidence in the record.

As to the second error, the statement of counsel for appellant in their brief and argument is as follows:

"The second error is the refusal of proper evidence on behalf of defendant. Certainly in one instance, at page of record where the defendant asked the witness ' What else, if anything, could have been done by the defendant to have prevented the accident?' and on objection the court refused to permit the witness to answer."

After some hours' examination of the record, we feel entirely safe in saying that the precise question, as above quoted, was not propounded to any witness who gave evidence in the case, but the following question was, by appellant's counsel, propounded to appellant's passenger conductor, B. A. Key, viz.:

"Now state to the jury what you or the crew of the Illinois Southern Railway could have done on your part to have prevented this injury?"

The question was objected to by appellee, the objection was sustained, and appellant excepted to the ruling of the court. In this there was no error, for if the witness had been allowed to answer, he would, of course, have

given his opinion of the matter and no more. The second error is not well assigned.

The third error assigned is, that the court gave improper instructions on behalf of the plaintiff. The instruction complained of is as follows:

"The court instructs you as a matter of law, that it is the duty of a railroad company engaged in the transportation of passengers, to use the highest degree of care, vigilance and foresight for the safety of its passengers, that is consistent with the proper and practical operation of its road, and it is liable for any injuries that may result to passengers, from the neglect of this duty."

The point made against the instruction is, that it is misleading and is not the law, and in effect caused the jury "to conclude that the railway company was an insurer of the safety of its passengers," and the case of C., P. & St. L. Ry. Co. v. Lewis, 145 Ill. 67, is relied upon to support the contention, but we are unable to see that it does so. Instructions should be given with a view to the evidence to which they are to apply. When appellee paid his fare at Nashville to be carried to Centralia, and went on board of the train, appellant became an insurer of him as against any injury that might befall him by reason of any negligent act of appellant, so long as appellee was in the exercise of ordinary care for his own safety, and it would be an unheard of rule of law that would hold to the contrary. No error was committed in giving the instruction. I. C. R. R. Co. v. O'Connell, 160 Ill. 636; West Chicago St. R. R. Co. v. Johnson, 180 Ill. 285; West Chicago St. R. R. Co. v. Tuerk, 193 Ill. 385. In this latter case Mrs. Tuerk was a passenger on the railroad company's cars, and was injured in a collision with a wagon, which was being driven alongside of the cars, and the court said:

"But appellant owed a much higher duty than that of ordinary care to appellee. The carrier shall do all that human care, vigilance and foresight can reasonably do, consistently with the mode of conveyance and the practical operation of the road."

Another instruction complained of omitted to tell the

jury that appellant could not recover, unless he was in the exercise of ordinary care for his own safety at the time he was injured. The jury were fully instructed on that point in three other instructions, given at the request of appellee, and that was quite sufficient, even if it be true that the burden of proving due care was on appellee, which we are not to be understood as holding.

There was no error in giving the instruction. The remaining errors are that the court gave improper instructions on behalf of the defendant, the Southern Railway Company, and that the verdict is against the law and the evidence, and is excessive in amount. If improper instructions were given at the request of the Southern Railway Company, we fail to see how appellant has any reason to complain of it, unless it may be better able to pay the judgment than appellant is, but if so, it is a matter which we can not inquire into.

The placing, by the Southern Railway Company, of four of its freight cars on appellant's passenger track, by the permission and consent of appellants, must, as between appellee and appellant, be held to be the act of appellant.

As to the verdict being against the law and the evidence, all that need be said is, that it scarcely has an element of being either.

Scarcely any attempt was made by appellant to contradict appellee and his witnesses as to how and under what circumstances appellee was injured, and the testimony of both sides, taken together, shows a degree of gross negligence on the part of appellant such as is seldom found in the history of railroading, while the testimony is clear that appellee was guilty of no negligence.

The complaint that the verdict is excessive may possibly have some merit in it. The evidence shows the collision was quite severe and that appellee was thrown backward, striking the bare floor of the car with the back of his head and one hip, and was immediately thrown forward, receiving other bruises; that he was laid up, under the care of physicians for a long time, suffering much pain, and at the time of the trial had not fully recovered.

It is true, some of the physicians, witnesses for appellants, testified that appellee's injuries were, in their opinion, not serious, but this is only an opinion and is liable to be a decidedly wrong opinion. No one can tell certainly, what the ultimate result of appellee's injuries may be, therefore much has to be left to the judgment and discretion of the jury, and their finding should not be disturbed, unless it is seen to be clearly wrong. We can not say that the amount of damages found by the jury is excessive, and the judgment is affirmed. '