JOHN S. BARNES, Appellee, *vs.* THE DANVILLE STREET
RAILWAY AND LIGHT COMPANY, Appellant.

*Opinion filed October 26, 1908.*

1. TRIAL—*when question of motorman's negligence is for jury.*
Whether the failure of a motorman to turn the controller so as to
completely shut off the power before he jumped from the car was
negligence is a question of fact for the jury, where the evidence
tends to show that he was confronted by a sudden emergency and
an unexpected danger requiring prompt action in pushing the car
from the railroad crossing, upon which it had stopped because of
sudden failure of the power.

2. SAME—*when question of passenger's exercise of due care is
for the jury.* Whether a passenger on a street car was in the ex-
ercise of due care for his safety is a question of fact for the jury
from a consideration of all the evidence, even though there is evi-
dence tending to show that he remained upon the car in apparent
unconcern while the car, which had stopped upon a railroad cross-
ing, was being pushed by the motorman, conductor and passengers
to a place of safety, from which it suddenly started and ran in
front of an approaching locomotive.

3. CARRIERS—*the rule where employees are compelled to act in
sudden emergency.* In determining whether a carrier was in the
exercise of the highest degree of care for the safety of its passen-
gers the law does not exact the same measure of prudent judgment
from employees compelled to act in a sudden emergency as it does
in a case where there is time for deliberation, as persons acting in
an emergency are not to be judged in the light of after-events, but
by the standard of what a prudent person would have been likely
to do under the circumstances of the case.

4. SAME—*when the doctrine of res ipsa loquitur does not apply.*
The maxim *res ipsa loquitur* has a proper and legitimate applica-
tion in actions for negligence, including an action against a car-
rier for injury to a passenger; but the maxim does not apply upon
mere proof that an accident has happened to a street car, resulting
in an injury to a passenger who was exercising due care for his
safety, as a carrier is not an insurer of its passengers.

5. SAME—*when the law raises a presumption of negligence.* If
an injury to a passenger is caused by apparatus wholly under the
control of the carrier and furnished and applied by it, and the ac-
cident is of such a character as does not ordinarily occur if due
care is used, the law raises a presumption of negligence; but this
presumption arises from the nature of the accident and the attend-
ing circumstances, and not from the mere fact of the accident itself.

6. SAME—*when giving instructions as to effect of happening of accident is error.* Where the plaintiff charges the defendant with a specific act of negligence, in that its motorman negligently failed to disconnect a car from the power and negligently allowed it to stand in that condition near a railroad crossing, and offers evidence tending to sustain such charge, it is error to instruct the jury that the happening of an accident to a car, and proof that an injury to a passenger resulted therefrom and that the passenger was in the exercise of due care, raises a presumption that the carrier has been negligent.

7. EVIDENCE—*when proof that motorman knew the power was intermittent is competent.* Where it is charged that a motorman was negligent in failing to fully close the controller when the power was suddenly shut off the line and in leaving the car standing in that condition near a railroad track, proof that the motorman knew the power had been going off and coming on all day is competent, for the purpose of showing that the power had been intermittent during the day and was likely to come on again suddenly.

8. SAME—*when proof of earnings or wages is admissible.* In a personal injury case, proof of the plaintiff's wages or earnings prior to the injury is admissible where general damages, only, are claimed, and there is nothing to show that the plaintiff is seeking to recover for loss of profits or earnings depending upon the performance of a special contract or engagement.

9. APPEALS AND ERRORS—*when alleged error will not be considered.* Where the defendant induces the court to erroneously sustain an objection to a question as to what the plaintiff had been earning prior to his injury, and, after the form of the question is changed to an inquiry into the reasonable worth of such services, makes no motion to exclude the answer, which was irresponsive in that it stated what plaintiff's services were worth to his employer, the alleged error of the court in overruling defendant's objection to the second question will not be considered.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding.

H. M. STEELY, and LOUIS CLEMENTS, for appellant.

CURTIS G. REDDEN, and S. M. CLARK, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On October 3, 1906, the appellee became a passenger on a street car of appellant on Vermilion street, in Danville, at the public square, and rode north about half a mile to where a double track railroad crossed the street railway at right angles. The street car stopped about thirty feet south of the south railroad track and all of the passengers got off except ten or twelve. The conductor went ahead upon the railroad crossing to see if the way was clear, and finding it clear he signaled the motorman to come on. The motorman started the street car across the railroad tracks, but the power suddenly went off the trolley wire and the street car stopped, standing over the tracks. The north track was used for west-bound trains and the south track for east-bound trains. There was a locomotive engine on the north track, a short distance east of the street car, which was either standing or moving slowly toward it, waiting for the signal that would permit it to cross the street car track. The signal consisted of a horizontal arm, which would be dropped down to give the engine the right of way; and there was another engine near by on the other track, either standing still or moving slowly. When the street car stopped on the tracks the motorman threw his controller around to disconnect from the power but failed to entirely close it by three notches. This was done in great haste, and he jumped off the car on the west side, calling for help to assist him in shoving the street car off the railroad tracks. The conductor, who was on the east side of the street car, between the two tracks, called to the passengers to get off the car, and they all got off except the appellee, who was sitting in the front seat, facing north on the west side, reading a newspaper, and a lady who was in the rear seat on the east side. The car was an open summer car, and all that was done was plainly visible to everybody. The appellee was somewhat hard of hearing and did

not hear the motorman but did hear the conductor, and he saw the motorman jump off hurriedly and saw what was being done. The conductor, motorman and passengers who got off took hold of the street car and shoved it back to the south, off the railroad track. The signal was then given for the locomotive to cross the track and it started up. The appellee sat in the car until this time, when he got up and was folding his newspaper, with the intention, as he says, of getting off the car, and stepped to the other side of the car, when the power suddenly came on again and the street car started forward and ran in front of the approaching locomotive. When the car started the motorman jumped for the car to get on and get to his levers, and was climbing up on the west side of the car when it was struck by the locomotive and turned partly around, throwing the motorman against the curb-stone on the west side of the street and throwing appellee out on the east side of the car. The appellee suffered a scalp wound, which soon healed, and a fracture of the left shoulder blade, which united in a short time. He was disabled for about ten weeks, when he resumed his occupation. He brought this suit in the circuit court of Vermilion county to recover damages for his injuries.

The negligence charged in the declaration as a ground of liability was that the motorman negligently failed to disconnect the street car from the power, and negligently permitted the car to stand on the street car track, near the railroad track and crossing, without being disconnected from the power. The plea was the general issue, and upon a trial there was a verdict finding the appellant guilty and assessing the damages at $3000. The court overruled a motion for a new trial and entered judgment on the verdict, from which the appellant appealed to the Appellate Court for the Third District. The Appellate Court affirmed the judgment, and this further appeal was prosecuted.

There was no material conflict in the evidence, by which the facts above recited were proved, and it is argued that the court erred in refusing to direct a verdict of not guilty, for the reason that the evidence did not fairly tend to prove that the plaintiff was in the exercise of due care to avoid the injury nor that the defendant was guilty of any breach of duty toward him. Counsel call attention to the testimony of the plaintiff that he saw the car stopped on the tracks and noticed the locomotive engine a short distance east, either standing or approaching slowly, and also some cars on the south track to the east and another engine on the west side; that he saw the motorman jump off in a hurry and heard the conductor call for the passengers to get off and saw them get off, and did not get off but remained on the car while the conductor, motorman and other passengers assisted in getting the car off the tracks. It is true that the plaintiff was not bound to assist in moving the car; but that fact has no bearing on the question whether he neglected that care which was reasonably to be expected from an ordinarily prudent person in the same condition by remaining upon the car in entire unconcern in the situation and under all the circumstances. As it turned out, if he had remained in the seat until the collision he would not have been injured. All the evidence was to be considered by the jury, but under the evidence the question whether the plaintiff was in the exercise of ordinary care for his own safety was a question of fact. On the question of alleged negligence of the defendant, the evidence tended to prove that an emergency existed and the motorman was under considerable excitement when the car stopped in a place of danger; that it appeared to be necessary for him to act with great promptness, and that he made an immediate effort to shut off the power and get the car off the tracks, and also that the conductor called to the passengers to get off the car. It is true that in determining whether the defendant was in the exercise of the highest degree of care

for the safety of its passengers the law would not exact the same measure of prudent judgment from its employees when compelled to act in a sudden emergency as it would in a case where there was time for deliberation. Persons who have to act in a sudden emergency are not to be judged in the light of after-events, but are to be judged, under all the circumstances of the case, by the standard of what a prudent person would have been likely to do under the same circumstances. Whether the failure of the motorman to turn the controller so as to completely shut off the power before he jumped from the car was negligence was a question of fact, to be determined from all the circumstances and in view of the evidence tending to prove that he was confronted with a sudden emergency and an unexpected danger which required prompt and immediate action. The questions relating to care of the plaintiff and negligence of the defendant were questions of fact and not of law, and the court did not err in refusing to direct a verdict.

It is next contended that the court erred in rulings on the admission of evidence. The court overruled a motion of defendant to exclude an answer of the motorman that he knew the power that day was going on and off. It was not charged that there was any negligence in the power going off and coming on, but the purpose of the testimony was to show that the power had been intermittent during the day and was likely to again come on suddenly, and it was competent for that purpose.

The plaintiff testified that he was a traveling salesman, and was asked what he had been earning prior to the injury. The defendant objected to the question on the ground that the averment of the declaration related to general damages and not special damages, and the court sustained the objection. The plaintiff was then asked what his services just prior to the injury were fairly and reasonably worth, and the court overruled an objection to that question. He answered that his services were worth to the firm he was rep-

resenting $130 a month and it was close on to ten weeks before he was able to go to work. The answer was improper, since the question was not what plaintiff's services were worth to the firm, but what the damage was to him in being deprived of his power to earn money while he was unable to work. But there was no motion to exclude the answer. The first question was proper. There was nothing to show that the plaintiff was seeking to recover for loss of profits or earnings depending upon the performance of a special contract or engagement, and the proof of his ordinary wages or earnings was admissible. (*Chicago and Erie Railroad Co.* v. *Meech,* 163 Ill. 305.) The defendant induced the court to make an erroneous ruling, and when the question was put in another form and the answer was not responsive, the defendant failed to ask the court to exclude it, for which reasons the alleged error will not be considered.

An osteopath, who was also a graduate of a regular medical college, with twenty-three years' experience, was called to treat the plaintiff about November 15, 1906, for the injuries which he had suffered, and treated him by the osteopathic method and also gave him some medicine. The osteopath was permitted to give in evidence subjective symptoms of the plaintiff given at the time of the treatment, and in this there was no error.

The first instruction given at the instance of the plaintiff was as follows:

"The court instructs the jury that the happening of an accident to the car and proof that an injury to a passenger resulted therefrom during the course of his transportation, and proof that at the time of the accident, and just prior thereto, the passenger was himself in the exercise of due care and caution for his own safety, raises a presumption that the carrier has been negligent. The burden of rebutting this presumption rests upon the carrier."

The maxim *res ipsa loquitur* has a proper and legitimate application in actions for negligence, including an

action against a carrier of passengers for an injury to a
passenger, but the maxim does not apply upon mere proof
that an accident to the passenger has happened. A carrier
of passengers is not an insurer of their safety, and there-
fore liability does not arise from the mere happening of an
accident; but the carrier is held to the exercise of the high-
est degree of care consistent with the mode of carriage and
the practical operation of the business, and is liable for an
injury resulting from such want of care. A declaration
merely alleging the relation of carrier and passenger and
an injury would not state a cause of action, but the plain-
tiff must allege and prove a breach of duty in the failure
to exercise the care demanded by the law. If an injury to
a passenger is caused by apparatus wholly under the control
of the carrier and furnished and applied by it, or by some
defect in machinery, cars or track, and the accident is of
such a character as does not ordinarily occur if due care is
used, the law comes to the aid of the plaintiff and raises a
presumption of negligence. The presumption arises, how-
ever, from the nature of the accident and the circumstances
and not from the mere fact of the accident itself. The
rule laid down in the instruction that the mere happening
of an accident to a car and the resulting injury of a pas-
senger, with proof that the passenger was in the exercise
of due care, raises a presumption that the carrier has been
negligent, is too broad. (5 Cyc. 628; 5 Am. & Eng. Ency.
of Law,—2d ed.—624.) In *Chicago City Railway Co.* v.
*Rood,* 163 Ill. 477, it was said that the weight of authority
is in favor of the position that the mere happening of the
accident, together with the exercise of ordinary care by the
plaintiff, does not, alone, raise the presumption of negli-
gence on the part of the carrier, but the presumption does
arise where the accident is shown to proceed from an act
of such a character that when due care is taken in its per-
formance no injury ordinarily results from it, or where it
is caused by the mismanagement of a thing over which the

carrier has either control or for the management or construction of which it is responsible. It has been said that several of the courts have shown a tendency to unduly extend the doctrine, under the lead of Judge Thompson; (3 Elliott on Railroads, sec. 1263, note 4;) but Judge Thompson, in his work on Negligence, (vol. 6, sec. 7636,) does not endorse the doctrine of this instruction, and says that the rule relates simply to the probative force of evidence and does not dispense with the necessity of evidence of the defendant's negligence. He regards it as generally more correct to say that there are cases where the fact that the accident happened under given conditions and in connection with certain circumstances will amount to evidence sufficient to charge the defendant. The maxim was properly applied in *West Chicago Street Railroad Co.* v. *Martin,* 154 Ill. 523, where it was said that on the trial of an action against a railroad company by a passenger for an injury received through a collision of trains a *prima facie* presumption of negligence arises against the carrier company; and in the case of *New York, Chicago and St. Louis Railroad Co.* v. *Blumenthal,* 160 Ill. 40, the court, after detailing the circumstances of an injury to a passenger, stated, as applicable to those circumstances, that the happening of the accident raised a presumption that the carrier had been negligent. The law presumes that the usual and ordinary thing will occur, and if an accident is shown to be due to an agency under the control of the carrier and is of such a nature that it does not occur where due care has been used, it is reasonable to assume that it is chargeable to some want of care in the carrier or some of its agents or servants. The rule as stated in *Chicago Union Traction Co.* v. *Giese,* 229 Ill. 260, where the maxim was applied to the derailment of a car, requires proof of facts showing that the thing which caused the injury is under the management and control of the defendant, and that the accident is such as in the ordinary course of things does not happen if those

having the management use proper care. Negligence is not presumed from the mere happening of an accident, without proof of such further facts, and an instruction, to state the law correctly, must include such facts. If the cause of an injury is not apparent and it comes within the rule stated, the accident, with the other facts, affords reasonable evidence, in the absence of an explanation by the party charged, that it arose from the want of proper care. In *West Chicago Street Railroad Co.* v. *Martin, supra,* the plaintiff did not proceed upon the theory of presumptive negligence, but, like the plaintiff in this case, charged in his declaration specific acts of negligence and introduced evidence tending to prove his charges. An instruction to the same effect as the one in this case was given, and it was held that in view of the declaration it should not have been given. In that case the evidence of negligence was so strong that the judgment was not reversed on account of the instruction, but we cannot say in this case that the evidence was so clear and convincing that the jury could not have found differently. The plaintiff charged the defendant with a specific act of negligence, in that the motorman negligently failed to disconnect the street car from the power and negligently permitted the car to stand on the crossing without being disconnected, and he offered evidence tending to prove such specific charge. The instruction given was erroneous as a matter of law, and to tell the jury that the happening of the accident raised a presumption of negligence was equivalent to advising them that the act of the motorman was presumed by the law to be negligent. It was a question of fact whether the motorman, under all the circumstances, exercised the degree of care required by the law for the safety of the plaintiff, or whether, under the conditions which confronted him, he failed to exercise such care, and the instruction practically determined that question in favor of the plaintiff. The doctrine of *res ipsa loquitur* was

not applicable to the case, and it was error to give the instruction.

The judgments of the Appellate Court and circuit court are, reversed and the cause is remanded to the circuit court.

*Reversed and remanded.*