**Florence McFadden, Appellee, v. Chicago, Rock Island & Pacific Railroad Company, Appellant.**

**Gen. No. 5,103.**

1. PASSENGER AND CARRIER—*extent of latter's responsibility.* A carrier owes to its passengers the duty of furnishing a suitable and safe platform and steps, sufficiently lighted, upon which to leave the car, so far as it can reasonably do so by the exercise of the highest degree of care and diligence; and for any defect therein or absence of light, causing an injury, which human care, vigilance and forethought reasonably exercised could have discovered and guarded against and provided for, consistent with the

SECOND DISTRICT—JUNE, 1909.        299

McFadden v. Chicago, Rock Island & Pacific Ry. Co., 149 App. 298.

practical operation of its road, the law holds the carrier responsible; but such rule does not require the carrier to foresee and provide against accidents never before known and not reasonably to be apprehended.

2. PASSENGER AND CARRIER—*when doctrine res ipsa loquitur does not apply.* The doctrine *res ipsa loquitur* has no general application to injuries resulting to a passenger. If, however, an injury to a passenger is caused by apparatus wholly under the control of the carrier and furnished and applied by it, or by some defect in machinery, cars or track, and the accident is of such a character as does not ordinarily occur if due care is used, the law comes to the aid of the passenger and raises a presumption of negligence.

3. APPEALS AND ERRORS—*when disregard of number of witnesses will reverse.* The number of witnesses testifying to a given fact or state of facts is an element to be considered and the jury are bound to take it into consideration in determining the credibility of the witnesses and the existence of a fact; *held,* in this case, that the apparent failure of the jury so to do constituted ground for reversal.

Action in case for personal injuries. Appeal from the Circuit Court of Rock Island county; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed June 10, 1909.

JACKSON, HURST & STAFFORD, for appellant; BENJAMIN S. CABLE, of counsel.

KENWORTHY & KENWORTHY, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

The Chicago, Rock Island & Pacific Railroad Company, appellant, operates a railroad from Chicago, Illinois, westward through Kansas. On the evening of January 4, 1905, Florence McFadden, appellee, boarded a train of appellant as a passenger at Moline, Illinois, to go to Keats, Kansas. At McFarland, she changed cars to take a train that would stop at Keats. The one she boarded at McFarland consisted of an engine, a combination mail and baggage car, a chair car and two Pullman cars, named the Tampa and the Palm Beach, and did not stop at Keats, but did stop at Manhattan, a station some ten miles west of Keats.

As there were no vacant seats in the chair car which appellee entered, the conductor took her into the Pullman car Tampa. The train left McFarland about 9 o'clock on the evening of January 4, 1905, and arrived at Manhattan at 10:20 the same evening. Appellee left the train through the front door of the car, and in stepping from the bottom step, in some way fell and was injured about the right knee. She brought this suit to recover damages for the injuries alleged to have been sustained thereby.

The second amended declaration upon which the case was tried, consisted of three counts. The first count alleged that appellant failed and omitted to furnish appellee a reasonably safe place to alight, but on the contrary stopped its train in the night time where there was no light, and at a place where the ground was a great distance below the step of the car from which appellee was alighting. The second count charged that appellant negligently failed to maintain lights at or near the place where its train was stopped, and also negligently failed to maintain a suitable platform to afford appellee an opportunity to safely alight from its train, but on the contrary maintained a platform at the place where said train was stopped which was a great distance from the step of the car. The third count charged that there was a broken step on the car, by reason whereof appellee fell. Each count alleged that appellee was in the exercise of due care for her own safety while alighting from said car. The third count was excluded from the consideration of the jury for lack of evidence to support it. Appellant pleaded the statute of limitations to each of these counts, and to each of these pleas a demurrer was sustained. A plea of not guilty was interposed. There was a trial and a verdict for appellee for $6,000. A motion for a new trial was overruled, and judgment was entered on the verdict for $6,024. The $24 was interest from date of verdict to date of judgment. The company prosecutes this appeal.

The evidence shows that at Manhattan, appellant's tracks run east and west on the south side of the depot platform, which is elevated sixteen and three-fourths inches above the top of the ties on which the rails are laid and is constructed of brick and curbed with stone. Near its east end stands the depot building, which is one hundred and fifteen feet long, having projecting eaves and a bay window on the south side overlooking the platform. The car Tampa stopped with the front steps about seventy-five feet west of the west end of the depot, and so that the surface of the bottom step was ten inches higher than the surface of the platform, and its outer edge was nine and one-fourth inches from the platform in a horizontal direction.

It is not denied that the relation of passenger and carrier continued to exist until appellee had alighted from the car; therefore appellant owed her the duty of furnishing a suitable and safe platform and steps, sufficiently lighted, and upon which to leave the car, so far as it could reasonably do so by the exercise of the highest degree of care and diligence; and for any defect therein or absence of light, causing her injury, which human care, vigilance and forethought reasonably exercised could have discovered. and guarded against and provided for, consistent with the practical operation of its road, the law holds it responsible. I. C. R. R. Co. v. O'Connell, 160 Ill. 636. It is true that this rule does not require the carrier to foresee and provide against accidents never before known and not reasonably to be apprehended. Redfield on Negligence, sec. 496.

In our opinion, the evidence failed to show any defect in the platform, either in design, construction or state of repair.

Appellee testified that when she was alighting at Manhattan, it was very dark, and she saw no lights and did not see any lantern that the train men might have had; that she could not distinguish any train men

because it was too dark; that a train man took one of her grips and that she took hold of the railing with her right hand and carried a grip in her left; that as she went to step on what she supposed was the bottom step, she went down under the step and struck her knee; that the platform was from two and one-half to three feet from the ground, and she fell two and one-half or three feet on to her hands and knees, and was under the steps of the car after she fell, between the trucks of the car and the stone curbing of the platform; that when she endeavored to get up she was struck in the back by the bottom of the car steps. On cross-examination she said she was familiar with the surroundings there; had been there frequently and knew that it was an elevated platform and that it had a stone coping with a brick platform inside; that she had gotten off there a number of times before.

The train conductor testified for appellant that the car Tampa was lighted with Pintsch gas; that there was a four burner light above the door; that the chair car next the Tampa had a vestibule light, and that the door of the chair car was open; that there was a light at each end of the depot building, and that there were good bright lights in the ticket office. Both the Pullman and train conductors testified that they stood one on each side of the car steps when appellee alighted; that each of them had a lighted lantern, and that they caught appellee so that she did not quite fall. The Pullman conductor testified that there was a four jet light burning just inside the west door of the Tampa, and a two-jet light in the ceiling of the vestibule. The telegraph operator testified that a light was burning at each corner of the south side of the depot; that two lights were burning in the office and one in the waiting room. The flagman said that the lights at the depot were lighted.

It will be observed that the evidence bearing upon the averment that the place where the train stopped was not properly lighted, so as to afford appellee a

SECOND DISTRICT—JUNE, 1909.     303

McFadden v. Chicago, Rock Island & Pacific Ry. Co., 149 App. 298.

safe place to alight, is conflicting, with a clear preponderance favoring appellant's contention that it was sufficiently lighted. The jury evidently did not take into consideration the number of witnesses contradicting appellee on this question. The number of witnesses is an element to be considered, and the jury are bound to take it into consideration in determining the credibility of the witnesses and the existence of a fact. In C. & N. W. Ry. Co. v. Smith, 81 Ill. App. 366, it is said: "While the jury are the judges of the credibility of the witnesses and the weight to be given to their testimony, yet this is to be taken in a reasonable sense, with the limitation that they may not from caprice or prejudice wholly disregard the number of witnesses or the weight of the evidence." In Peaslee v. Glass, 61 Ill. 94, it is said: "That although a judgment may not be reversed where the verdict is based on the evidence of a plaintiff contradicted by the defendant, and neither supported by other testimony, yet the court will reverse where the verdict rests alone on the testimony of the plaintiff and he is positively contradicted by the defendant, who is corroborated by an unprejudiced witness." Eastman v. West Chicago Street Railway Co., 79 Ill. App. 598; Hays v. Johnson, 92 Ill. App. 83.

Appellee urges that proof of the injury made a *prima facie* case, shifting the burden upon appellant, under the application of the maxim of *res ipsa loquitur*, and relies upon Chicago City Railway Co. v. Carroll, 206 Ill. 318; 3 Thompson on Negligence, sec. 2754; 2 Wharton on Negligence, sec. 661; Galena and Chicago Union Railroad Co. v. Yarwood, 17 Ill. 509; Pittsburg, Cincinnati and St. Louis Railway Co. v. Thompson, 56 *id.* 138; Peoria, Pekin and Jacksonville Railroad Co. v. Reynolds, 88 *id.* 418; Eagle Packet Co. v. Defries, 94 *id.* 598; North Chicago Street Railway Co. v. Cotton, 140 *id.* 486. "The maxim *res ipsa loquitur* has a proper and legitimate application in actions of negligence, including an action against car-

rier of passengers for an injury to a passenger, but the maxim does not apply upon mere proof that an accident to the passenger has happened." Barnes v. Danville Street Ry. Co., 235 Ill. 566. "The general rule may be said to be, that where an injury happens to the passenger in consequence of the breaking or failure of the vehicle, roadway or other appliance owned or controlled by the carrier, and used by him in making the transit, or in consequence of the act, omission or mistake of his servants, the person entitled to sue for the injury makes out a *prima facie* case for damages against the carrier, by proving the contract of carriage, that the accident happened in consequence of such breaking or failure, or such act, omission or mistake of his servants, and that, in consequence of the accident, the plaintiff sustained damages." 3 Thompson on Negligence, sec. 2754. "This presumption arises, not from the happening of the accident, but from a consideration of the cause of the accident." Sec. 2756 *id.* "It does not apply where the defect, deficiency, or peculiarity in the carrier's means of transportation or accommodation, which was the occasion of the accident, was visible to, seen by or known to the passenger, as well as the carrier, and where the accident took place either before the actual commencement of the transit or after its termination, and while the passenger was in the affirmative act of boarding the carrier's vehicle, or alighting therefrom, or coming upon or passing from the grounds of the carrier, in all of which cases the carrier is not the exclusive bailee of the passenger, but the passenger is required under the principles of law, to take reasonable care for his own safety." Sec. 2763 *id.* "Nor does the foregoing rule apply where the occasion of the hurt of the passenger was an active voluntary movement on his part, combined with some alleged deficiency in the carrier's means of transporation or accommodation; and the reason is that in such cases it is necessary to consider whether there may not have been con-

SECOND DISTRICT—JUNE, 1909.    305

McFadden v. Chicago, Rock Island & Pacific Ry. Co., 149 App. 298.

tributory negligence on the part of the passenger. It is only in respect of those accidents which happen to the passenger while he passively trusts himself to the safety of the carrier's means of transportation, or to the skill, diligence, and care of his servants, that the rule applies." Sec. 2764 *id*. An examination of the authorities relied upon by appellee to sustain her contention that the burden shifted to appellant under the application of the maxim of *res ipsa loquitur*, shows that in each case the accident happened in consequence of the breaking or failure of the vehicle, roadway, or other appliance owned or controlled by the carrier, and used by him in making the transit, or in consequence of the act, omission or mistake of his servants. In Chicago City Ry. Co. v. Carroll, *supra*, the cause of the injury was the falling of a trolley pole. In Galena and Chicago Union R. R. Co. v. Yarwood, *supra*, the cars ran off the track and Yarwood, under the excitement of the occasion, was injured by leaping from the car. In Pittsburg, Cincinnati and St. Louis Ry. Co. v. Thompson, *supra*, Thompson was injured by the car in which he was riding being precipitated from the track in consequence of a defective road bed or by reason of the inexplicable breaking of an axle. In Peoria, Pekin and Jacksonville R. R. Co. v. Reynolds, *supra*, the car in which Reynolds was riding was thrown from the track down an embankment and turned bottom side up and he was injured. In Eagle Packet Co. v. Defries, *supra*, plaintiff was injured by the breaking of the stage plank which she was crossing in leaving defendant's boat. In North Chicago Street Ry. Co. v. Cotton, *supra*, plaintiff was standing on the rear platform of one of defendant's cars, and was run into by another car of defendant following on the same track.

None of these cases are similar to the one at bar. Here the deficiency or peculiarity, if any, which was the occasion of the accident was known to appellee as well as to appellant. Moreover, she was in the act of

voluntary movement, of alighting from the train, and appellant was no longer her exclusive bailee. These features take the case out of the rule of *res ipsa loquitur,* and leave the burden with appellee to establish the material averments of her declaration by a preponderance of the evidence, which, we hold from an examination of the entire evidence in this record, she failed to do.

The judgment is therefore reversed and the cause is remanded.

*Reversed and remanded.*