### Adelheid Friend, Appellee, v. South Side Elevated Railroad Company, Appellant.

#### Gen. No. 18,012.

1. Carriers—*condition of cars.* In a personal injury action it is a question for the jury whether defendant carrier in permitting loose pieces of matting to be in the aisles of the car exercised the highest degree of care.

2. Appeals and errors—*waiver of right to assign error.* By pleading the general issue to an amended count, defendant waives the right to assign error upon the ruling of the court in sustaining the demurrer to the plea of limitations.

3. Damages—*excessive.* $7,500 remitted to $5,000 held not excessive for severe internal injuries to woman of fifty-two.

Appeal from the Superior Court of Cook county; the Hon. Harry C. Moran, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed March 13, 1913.

W. H. Haight and Addison L. Gardner, for appellant.

Adolph Kraus, Samuel Alschuler, Charles R. Holden and Thomas J. Lawless, for appellee.

Mr. Justice McSurely delivered the opinion of the court.

This is an appeal from a judgment of $5,000 for personal injuries. On August 20, 1906, Mrs. Adelheid Friend, hereinafter called plaintiff, fell on the floor of an elevated railroad car, owned by the defendant, as it was standing still at the Madison street and Wabash

avenue station in Chicago. She was at this time 54 years of age and weighed 220 pounds. She was a passenger on the car and had just arisen from her seat near the middle of the car to go to the door to alight when the accident happened. The floor of the aisle of the car was covered with matting, in two long pieces each 20 inches wide and 13 feet 7 inches long, laid side by side along the length of the aisle. This matting was made of heavy woven rope material about an inch in thickness, and extended from the door of the car back towards its middle to the cross seats, where they joined other pieces of matting laid in the aisle between the cross seats. Between the outer edge of the long mats and the legs of the side seats next the aisle there was a clear floor space of 5¾ inches on each side. The long mats were not fastened in any way and there was nothing to prevent them from being pushed or moved by the feet of passengers either backward or forward into the floor space under the seats, or forward and over each other. There was evidence tending to show that the pieces of matting in the aisle at the time of the accident in question were five or six inches apart, and one side turned up about two inches. Plaintiff testified that her foot got caught under this rope matting, which caused her to fall.

Defendant claims, as one of its points relied upon for reversal, that the court erred in refusing to direct a verdict for the defendant. We cannot agree to this claim. Plaintiff was a passenger, and therefore defendant was bound to exercise towards her the highest degree of care. Whether the conduct of defendant in permitting loose, shuffling pieces of matting to be upon the floor of the car in the aisles was the exercise of the highest degree of care, was properly a question for the jury to decide. The jury was properly and fully instructed upon the law touching the negligence of the defendant and under what circumstances the conduct of the plaintiff would prevent a recovery. The jury concluded that the defendant failed in its duty towards plaintiff and that plaintiff did nothing

244 APPELLATE COURTS OF ILLINOIS.

Friend v. South Side Elev. R. Co, 178 Ill. App. 242.

amounting to negligence which contributed to the accident, and we cannot say that this conclusion is manifestly against the weight of the evidence.

We do not agree with the contention of the defendant that the defendant was required to exercise only ordinary care in the maintenance of the car floors and coverings thereon. Illinois Cent. R. Co. v. O'Connell, 160 Ill. 636.

We find no error in the action of the trial court in permitting plaintiff to amend the sixth count. The amendment stated practically the same elements contained in other counts. Furthermore, by filing the plea of the general issue to the amended count the defendant waived the right to assign error upon the ruling of the court in sustaining the demurrer to the plea of limitations. Chicago & A. R. Co. v. Clausen, 173 Ill. 100. The abstract gives no information as to the date the amendment was made, therefore we can not determine the propriety of the plea of limitations.

The modification of instruction No. 35 complained of was made to state the law more accurately, and the instruction as modified was entirely proper. There was no error in refusing instructions Nos. 36, 37 and 38. No. 36 was a repetition of the matter contained in other instructions, and 37 and 38 directed a verdict based upon an improper instruction as to the degree of care required of the defendant. They also ignored elements contained in certain counts.

The most serious contention concerns the amount of the verdict. The jury awarded $7,500, which was remitted to $5,000. There was evidence tending to show that plaintiff's injuries were a swollen and inflamed left leg, including foot, instep and knee, with pain extending up to the hip. The X-ray shows as a result of this injury a kind of callous growth on the instep, which the doctor says is permanent and that pain will continually be present. Plaintiff herself testifies that she still suffers with pain in the hip. It is also claimed that plaintiff is suffering from an aggra-

vation of bladder trouble induced by the accident. There was evidence tending to show that for some years before the accident plaintiff suffered with a pouching of the bladder, which condition is called a cystocele, and that this condition was caused by giving birth to many children. After the accident this condition seemed to be aggravated, and the family physician testified that he first discovered after the accident that the plaintiff had inflammation of the bladder, which is a different disease from cystocele; that he had examined her before the accident but discovered no inflammation, although it may have been present. Her condition not improving, about three years after the accident she was operated upon by a surgeon, who testified that he found an ulcer of the bladder as well as inflammation, and that at this time he found what he calls a plug of fat from the inside of the abdomen protruding into the bladder. There were other statements made by the doctors indicating that the fall produced a rupture of the bladder through which this plug or portion of the fat of the abdomen intruded. There seems to be little doubt but that plaintiff some years after the accident was found to be in a very serious condition internally. Nearly all of the doctors, including those who appeared for defendant, testified that her condition at the time of the accident would have a tendency to be aggravated by the fall. The questions as to the extent of the injury to the leg, and as to whether the fall aggravated the previous condition of cystocele, and whether the rupture and ulcer of the bladder were induced by the fall, were purely for the jury and the trial court to pass upon, and we cannot say that their conclusion was clearly unwarranted from the testimony. After careful consideration of the evidence we are unable to conclude that the amount of the judgment is excessive.

For the reasons above indicated the judgment is affirmed.

*Affirmed.*