Ferrier v. Chicago Railways Co., 185 Ill. App. 326.

---

## Louise M. Ferrier, Plaintiff in Error, v. Chicago Railways Company, Defendant in Error.

## Gen. No. 18,788.

1. NEGLIGENCE, § 140*—*who has burden of proof under res ipsa loquitur doctrine.* In cases where the *res ipsa loquitur* doctrine is applied the burden of proof is not thereby shifted, but continues with the party maintaining the affirmative of the issues, although the adverse party may be required to produce proof to rebut the presumption of negligence.

2. CARRIERS, § 494*—*when instruction on burden of proof not erroneous.* Where plaintiff claimed to have been injured by the lifting of a car step as she was in the act of alighting, defendant contending that she was injured by falling on the street after having alighted, it was *held* that an instruction that "the burden of proof * * * is on the plaintiff to prove by a preponderance or greater weight of the evidence that the accident happened in the way she contends and not as the defendant contends" was not erroneous.

3. CARRIERS, § 460*—*when res ipsa loquitur doctrine inapplicable.* The *res ipsa loquitur* doctrine is inapplicable to a passenger claiming to have been injured by the raising of the car step as she was in the act of alighting.

4. CARRIERS, § 460*—*application of res ipsa loquitur doctrine.* The *res ipsa loquitur* doctrine is inapplicable where the defect, deficiency or peculiarity in the carrier's means of transportation or accommodation, causing the accident, was visible to, seen by or known to the passenger as well as the carrier, and where the accident took place either before the actual commencement of the transit or after its termination, and while the passenger was in the affirmative act of boarding the carrier's vehicle, or alighting therefrom, or coming upon or passing from the grounds of the carrier.

5. CARRIERS, § 487*—*when instruction not erroneous as directing verdict on evidentiary facts.* In an action by a passenger against a street railway company, where plaintiff claimed to have been injured by the raising of the car step as she was in the act of alighting, while defendant contended that she fell on the street after having alighted, an instruction "that if you believe from the evidence that plaintiff fell while walking from the car to the sidewalk, then you must find the defendant not guilty" is not erroneous as directing a verdict upon an evidentiary fact, nor is it misleading as covering the period from the time she arose within the car.

6. CARRIERS, § 493*—*when instruction on degree of care not erroneous.* An instruction on the degree of care required of a passenger is not erroneous because using the words "a reasonable person" instead of "a reasonably prudent person."

7. INSTRUCTIONS, § 100*—*when instruction on impeachment of witness correct.* Instruction on impeachment of witness by contradictory statements *held* correct.

Error to the Superior Court of Cook County; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 9, 1914.

The eighth instruction, given in behalf of defendant, which is referred to in the opinion of the Court, is as follows:

"The jury are instructed that one mode of impeaching a witness is by showing that the witness has made different and contradictory statements on a material point on some former occasion. If it appears from the evidence in this case that any witness or witnesses has or have been impeached in this manner, the jury have the right, in passing upon the credibility of such witness or witnesses, to take into consideration such impeachment in determining the value or want of value of the testimony of such witnesses in connection with all the other facts and circumstances in evidence."

ELMER & COHEN, for plaintiff in error.

WEYMOUTH KIRKLAND and WILLIAM H. SYMMES, for defendant in error; J. R. GUILLIAMS and FRANK L. KRIETE, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an action brought by Louise M. Ferrier, plaintiff, to recover damages for injuries alleged to have been received while alighting from one of defendant's cars. She claims that the defendant, through its servants, negligently folded up the step on which she was about to place her foot, so that she stepped directly from the platform to the ground, falling on her left side. Defendant's testimony tended to show that the step was in place when she alighted and that she slipped or stumbled on the street as she was walking away from the car and some feet from it. The jury returned a verdict finding the defendant not guilty.

It is not contended in this court that this verdict is contrary to the weight of the evidence, but it is argued that certain instructions given to the jury at the request of the defendant were improper, and hence calculated to mislead the jury.

Plaintiff was a passenger on one of defendant's cars running east on Van Buren street. As the train approached State street, the eastern terminus of the line, the employes of the defendant closed the rear doors of the car and required all passengers to alight from the front end of the south side of the car. The car was then to be switched on to the north or westbound track and returned westward on Van Buren street. Plaintiff testified that she was the last person to leave the car; that when she was on the front platform she looked for the step and saw it in place and then looked for the railing with which to support herself, then stepped down, but that in the meantime the step had been pulled up, and she went clear to the ground, falling by the car on her left side, suffering a fracture of the neck of the femur; that after falling she felt pain and tried to. get up, but could not until she was helped up and taken into a store nearby. Other witnesses for the plaintiff testified as to seeing her after she had fallen, lying on the ground. They varied as

to the distance she was at this time from the car and the sidewalk.

The defendant introduced testimony showing that there had been a slight snowfall on that day and that between the car and the curb it was icy and slippery. One of the employes testified that he was switchman at that point, and that it was his duty after the passengers had alighted to shut the step up; that the step is closed by pushing it up, and this causes the step on the opposite side to fall down into place; that he was standing right by the step in question waiting for the passengers to alight, and that all had alighted before he closed the step. Another employe testified that he was the starter at the point where the accident happen; that he saw the plaintiff step down, and that the step was in place at the time; that after she had gone about midway between the car and the sidewalk she seemed to slip and her ankle gave out and she fell. Other witnesses testified as to her being about half way between the car and the curb when she fell,—including a police officer who assisted in picking her up and carrying her into the store on the corner.

With this evidence before the jury, it is said that it was prejudicial error to instruct the jury "that the burden of proof  *  *  *  is on the plaintiff to prove by a preponderance or greater weight of the evidence that the accident happened in the way she contends and not as the defendant contends." This is only part of the instruction, but in general it instructs the jury that the burden of proof is upon the plaintiff, and it is said that this is erroneous in the case of a passenger and carrier, for the reason that, having established her *prima facie* case, the burden shifts onto the defendant to make out its defense. This is not the law even in a *res ipsa loquitur* case. While it may be true that at times the defendant is under the necessity of producing evidence to rebut the presumption of negligence, still the general rule as to the burden of proof is not changed. The burden of establishing a case by a preponderance of the evidence rests upon the party

asserting the affirmative of the issue, and this never shifts during the course of the trial but remains with him to the end. Here the burden of proof to establish her claim by a preponderance of the evidence was upon the plaintiff, and the instruction in this regard was not erroneous. *Chicago Union Traction Co. v. Mee*, 218 Ill. 9; *Elgin, A. & S. Traction Co. v. Hench*, 132 Ill. App. 535. A further answer is that in this case the doctrine of *res ipsa loquitur* cannot apply. The doctrine of *res ipsa loquitur* "does not apply where the defect, deficiency, or peculiarity in the carrier's means of transportation or accommodation, which was the occasion of the accident, was visible to, seen by or known to the passenger, as well as the carrier, and where the accident took place either before the actual commencement of the transit or after its termination, and while the passenger was in the affirmative act of boarding the carrier's vehicle, or alighting therefrom, or coming upon or passing from the grounds of the carrier, in all of which cases the carrier is not the exclusive bailee of the passenger, but the passenger is required under the principles of law, to take reasonable care for his own safety." 3 Thompson on Negligence, sec. 2763. "Nor does the foregoing rule apply where the occasion of the hurt of the passenger was an active voluntary movement on his part, combined with some alleged deficiency in the carrier's means of transportation or accommodation; and the reason is that in such cases it is necessary to consider whether there may not have been contributory negligence on the part of the passenger." 3 Thompson on Negligence, sec. 2764.

In this case the plaintiff is seeking to establish a specific act of negligence. The deficiency which she claims caused the accident was as well known to her as to the defendant. Moreover, she was in the act of alighting from the train, and defendant was no longer her exclusive bailee. These features take the case out from the rule of *res ipsa loquitur*. *McFadden v. Chicago; R. I. & P. R. Co.*, 149 Ill. App. 298; *Barnes v. Danville St. Railway & Light Co.*, 235 Ill. 566.

In the second instruction the jury was told "that if you believe from the evidence that plaintiff fell while walking from the car to the sidewalk, then you must find the defendant not guilty." It is argued that this was erroneous because it directed a verdict on a purely evidentiary fact not controlling on the issues tried. In our view of the case this evidentiary fact was the controlling issue. Plaintiff claims to have been injured through a fall caused by the removal of the step on which she was about to alight. Defendant's testimony tended to show that the fall occurred after she had safely alighted from the car and while she was in the act of walking towards the sidewalk. She fell only once, and the fall caused the injury, and if the jury should find that this happened while she was in the act of walking towards the sidewalk, this would completely negative the claim of the plaintiff as to the manner of the accident, and a verdict of not guilty would necessarily follow. While it may be improper in many cases to state what facts are controlling, yet in this case we see no escape from the conclusion that if the jury should find that plaintiff fell after she had safely reached the ground and while she was walking towards the sidewalk, the verdict must be for the defendant. We do not think the jury could have been misled by the language of this instruction into thinking that by the words "while walking" it was intended to mean from the time she arose within the car up to the time she approached the sidewalk. The language is, "while walking from the car to the sidewalk," and this means after she had left the car.

Criticism as to the fourth instruction is met by what we have heretofore said concerning the first instruction. We see no material difference in the use of the words "a reasonable person" and the words "a reasonably prudent person." The degree of care which a "reasonable person" would ordinarily exercise is substantially the same degree of care that would be exercised by a "reasonably prudent person." In any

event, how can the plaintiff be heard to complain of an instruction calling for a lesser degree of care on her part than if the word "prudent" had been inserted.

Defendant's eighth instruction has already been approved in *Day v. Sampsell,* 148 Ill. App. 88, where the Court discusses this instruction and holds it was not erroneous to give it.

There was no error in giving defendant's fifteenth instruction, for the reason, as stated before, that the doctrine of *res ipsa loquitur* does not apply in this case.

The criticisms of the instructions are for the most part technical, and we cannot say that they could have misled the jury. It is manifest that the verdict was the only one that could properly have been returned under the evidence, and there appearing no reason why the judgment should be disturbed, it is affirmed.

*Affirmed.*